U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HUGH COLEMAN | CIVIL ACTION NO. 05-0132 |
| -vs- | JUDGE DRELL |
| UNITED STATES OF AMERICA | |

## RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court is a motion for summary judgment [Doc. #19] filed by defendant the United States of America ("government"). Plaintiff Hugh Coleman ("Coleman") filed an opposition to the government's motion [#21]. With leave of court, the government replied to Coleman's opposition [#27]. For the following reasons, the defendant's motion for summary judgment will be DENIED.

## BACKGROUND

Hugh Coleman, a military veteran and prostate cancer patient, underwent a radical retropubic prostatectomy at the Veterans' Affairs Medical Center ("VAMC") in Shreveport, Louisiana, on or about 30 July 2002. During the procedure, the surgeon inserted a Foley catheter. Coleman was to be discharged on 2 August 2002 with the Foley catheter intact. Instead, the nursing staff erroneously removed the Foley catheter and put a condom catheter in place. Observing "minimal extravasation at the anastomosis," the urology clinic at the VAMC reinserted a Foley catheter shortly thereafter. Pl.'s Opp. 8. The urology

clinic informed Coleman that he "may be at a slightly increased risk for developing an anastamotic stricture in the future." Id. Coleman claims that as a result of the premature removal of the Foley catheter on 2 August 2002, the anastomosis was traumatized and disrupted and that he subsequently experienced urinary blockage and impairment of urinary flow. He further alleges that he now experiences daily urinary urgency.

Plaintiff initially presented an administrative tort claim of $250,000 to the VAMC Office of Regional Counsel in Houston, Texas, on 1 April 2004. After the VAMC "neither accepted nor denied the claim and the expiration of six months," Coleman filed this lawsuit on 21 January 2005. Pl.'s Facts ¶ 6. Coleman seeks to recover $350,000 for past, present and future physical pain and suffering; mental anguish; loss of the enjoyment of life; physical disability; loss of earning capacity; and future medical expenses. The government indicates that the VAMC denied Coleman's administrative claim on 8 March 2005 due to the filing of this lawsuit. Answer ¶ 8. The plan of work approved by this court on 13 June 2005 [#8] established 9 December 2005 as the deadline for plaintiff to designate his medical experts and submit their reports. The court subsequently extended this deadline to 9 January 2006 [#17]. The government then agreed to an informal extension until 26 January 2006. On 8 February 2006, plaintiff advised the government of his intention to use Dr. Brett S. Carver, Dr. John A. Mata, and Dr. Jeremy Carrico, three VAMC physicians who treated Coleman, as expert witnesses.

## DISCUSSION

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e);

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).[1] Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence–not argument, not facts in the complaint–will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003)

---

[1] Local Rule 56.2 also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

(internal citations omitted).

B. **The Federal Tort Claims Act**

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2674, the United States is liable for those personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b). Liability extends to the United States under the FTCA just as it would to a private individual in a similar situation. Accordingly, Louisiana state law applies in order to determine that liability. Richards v. United States, 369 U.S. 1, 11-12, 82 S. Ct. 585, 592-93 (1962); Charles v. Louisiana, 15 F.3d 400, 402 (5th Cir. 1994); see also 28 U.S.C. § 2674. Under Louisiana law, the plaintiff in a medical malpractice action has the burden of proving: 1) the relevant standard of care in that community under similar circumstances; 2) a breach of that standard of care by defendant; and 3) causation. See LA. REV. STAT. § 9:2794; Martin v. East Jefferson General Hosp., 582 So. 2d 1272, 1276 (La. 1991).

"Louisiana jurisprudence has held that expert witnesses who are members of the medical profession are necessary sources of proof in medical malpractice actions to determine whether the defendant doctor possessed the requisite degree of skill and knowledge, or failed to exercise reasonable care and diligence." Martin, 582 So. 2d at 1277. If a plaintiff, who bears the ultimate burden of proving the essential elements of his case, does not proffer such expert testimony, he fails to present "factual support sufficient to establish that genuine

issues for trial exist regarding the applicable standard of care and defendant's alleged breach thereof." Lee v. Wall, 726 So. 2d 1044, 1047 (La. Ct. App. 1999) (affirming summary judgment where plaintiff failed to identify any "expert witness who would give testimony critical of defendant's treatment").

Here, Coleman failed to identify any medical experts by the deadline set forth in the amended plan of work approved by this court. He further failed to identify a medical expert by the government's informal extended deadline. He finally identified three treating physicians as expert witnesses nearly two weeks after the extended deadline had expired. He now argues not only that he has properly identified medical experts but also that such experts are not even necessary to support his claim.

The Louisiana Supreme Court has recognized cases of "obvious negligence which require no expert testimony to demonstrate the physician's fault." Pfiffner v. Correa, 643 So. 2d 1228, 1234 (La. 1994). Indeed, under Louisiana law, a plaintiff can prevail when a defendant/physician or a defense expert testifies regarding the standard of care, and the objective evidence at trial is such that a lay jury can infer negligence from the facts. See id. Although Coleman argues that the premature removal of his Foley catheter constitutes obvious negligence, the alleged wrongful conduct cannot be comprehensively evaluated based on common knowledge. Expert testimony is necessary to evaluate whether the premature removal of the Foley catheter was the proximate cause, or any cause, for that matter, of Coleman's anastomotic stricture allegedly resulting in bladder

6

spasms, flow control problems, or urinary urgency. See Coleman v. Deno, 813 So. 2d 303, 317 (La. 2002).

In light of this expert testimony requirement, we must next determine whether treating physicians may properly serve as expert witnesses. To the extent that Drs. Carver, Mata, and Carrico testify only as to the care and treatment of Coleman, they are not to be considered specially retained experts notwithstanding that they may offer opinion testimony under Rules 702, 703, and 705 of the Federal Rules of Evidence. Coleman may further ask them questions that implicate their expertise. As the treating physicians have not been specially retained to develop specific opinion testimony, they are not subject to the provisions of FED. R. CIV. P. 26(a)(2)(B), which would require them to submit written reports. Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 882 (5th Cir. 2004).

Aside from its assertion that Coleman's designation of expert witnesses is untimely, the government contends that plaintiff's attempt to designate treating physicians as his expert witnesses should be rejected. Def.'s Reply 2; see Young v. United States, 181 F.R.D. 344, 346 (W.D. Tex. 1997) ("[A] professional witness may not generally be compelled to testify as an expert at the request of a private litigant, as such testimony is a matter of contract or bargain."). In essence, the government argues that just because Coleman wants to designate his treating physicians as his experts does not mean that, absent their consent, he can do so. Id. Thus, according to the government, since the scope of the testimony of Drs.

Carver, Mata, and Carrico is limited to Coleman's care and treatment, Coleman would not be able to prove his case and the government is entitled to summary judgment.

It is difficult for the court to understand why the plaintiff did not retain an independent medical expert and submit his/her report in a timely fashion. Coleman cannot credibly argue that he has not had adequate time for discovery. We find plaintiff's counsel's inability to adhere to deadlines extremely disturbing. Indeed, we almost treated the instant motion as a motion to dismiss for failure to prosecute and would have deemed it appropriate to rule on such a motion. While both the court and the government have indulged plaintiff's requests for extension, these accommodations are not endless.

Nonetheless, we will deny the motion for summary judgment as filed, as we believe that, based on the evidence before the court, a genuine issue of material fact exists as to the proximate cause of Coleman's injury and that the defendant is not entitled to judgment as a matter of law at this juncture. The physicians employed by VAMC would be able to furnish medical expert testimony based upon their care and treatment of Coleman and their medical expertise. While we find no prejudice in allowing the treating physicians to give testimony, no other medical experts will be allowed.

## **CONCLUSION**

Based on the foregoing reasoning, the defendant's motion for summary judgment will be DENIED.

SIGNED on this 12th day of June, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE